DANIEL D. STONE, impleaded, etc.

*v.*

WILLIAM P. PALMER, Assignee.

*Filed at Ottawa May 11, 1897.*

1. EQUITY—*equity cannot substitute contract of its own making for that of the parties.* Equity cannot create a contract between parties which was not intended by either, or, in the absence of fraud, accident or mistake, change a contract which expresses their deliberate intention.

2. SAME—*example of rule that equity cannot substitute a contract for that of the parties.* A mortgage executed by a debtor to his creditor to indemnify him for signing a note as security, cannot, upon failure of the debtor to sign the note as agreed, be enforced in equity as security for the original debt, although the creditor was to receive the money raised by his suretyship.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JAMES SHAW, Judge, presiding.

C. L. SHELDON, for appellant.

J. E. McPHERRAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 30, 1894, Adam Horlacher and wife executed a mortgage on certain real estate in the city of Rock Falls to secure the payment of his note of that date for $3000, due in sixty days, payable to the order of appellant, and the note contained the following provision: "This note being given to secure said Stone as my surety in signing a note with me for said sum of money, and this note to remain as surety for any renewals or extensions of said surety note, or any part thereof." Afterward, on the same day, Horlacher executed a voluntary

assignment for the benefit of his creditors to the appellee, William P. Palmer. This deed of assignment was recorded July 31, 1894, at seven o'clock in the morning, and the mortgage was filed for record afterward, at five o'clock in the afternoon of that day. Appellant never signed any note as surety for Horlacher under the provision above quoted, and the assignee, Palmer, filed the bill in this case September 7, 1894, against appellant, to have the mortgage canceled, claiming that it was void for want of consideration. Horlacher was a banker in Rock Falls and appellant was a depositor in the bank, and alleged in his answer that the $3000 to be raised by his becoming surety with Horlacher was to be paid to him on his account as such depositor, and denied that the complainant was entitled to the relief prayed for. Appellant then filed his cross-bill for the foreclosure of the mortgage, making Horlacher and wife defendants with the assignee. The cross-bill was answered by the several defendants thereto, who denied that there was any consideration for the note and mortgage, disputed their delivery to appellant, and alleged that the recording of the mortgage was a fraud on the rights of creditors. On a hearing the court dismissed the cross-bill and granted the relief prayed for in the original bill. The Appellate Court has affirmed the decree so entered.

The amount of the appellant's deposit in Horlacher's bank was $4792. He drew out $1500, leaving $3292 to his credit when the note and mortgage were made. The proof showed, and there was no dispute, that the note and mortgage were made to indemnify the appellant as surety upon a note which he was to sign, and that the note was never signed or any money raised by such means, and that Horlacher had demanded a return of the note and mortgage. The parties contradicted each other as to the amount of money to be raised by the note upon which appellant was to become surety, and as to the alleged agreement to pay it to appellant on his ac-

count. The questions whether the delivery of the note and mortgage was authorized by Horlacher, and whether appellant refused to become surety as agreed, were also a subject of dispute. Assuming, however, that upon these disputed questions the preponderance of the evidence was on the side of appellant, and that the chancellor found all the facts as contended for by him, we do not see how any other decree could have been made.

The contract, as conceded by both parties, was one of indemnity to appellant as surety for Horlacher, and the fact that appellant was to receive the money to be raised by his suretyship would not authorize a court to change the contract and make the mortgage a security for the original debt. Equity cannot create a contract between parties not intended by either of them, or change a contract made without fraud, accident or mistake, which expresses the deliberate intentions of the parties to it. Appellant testified that after the mortgage was made he told Horlacher that it was pretty hard for a man to have to sign papers to get his own money, and Horlacher agreed to try to get the money some other way. He said that he waited to see if Horlacher could get the money elsewhere. But it was immaterial whether he was willing to assume the risk as surety or not; if he did not assume it he could not be injured and could not resort to any indemnity. There is no rule of equity that will enable a court to substitute a contract of its own making for that of the parties, and the mortgage having been given for one purpose cannot be enforced for another.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*